> # NOTICE TO TENANTS WITH MOBILITY IMPAIRMENTS:
> # A PROPOSED SETTLEMENT OF A LAWSUIT MAY AFFECT YOUR RIGHTS

***Why am I receiving this notice?*** You are receiving this notice because you are a New York City Housing Authority ("NYCHA") tenant, and you have informed NYCHA that you have a disability that limits your ability to walk up and down stairs ("mobility impairment") or that someone in your family has such a disability.

A class action lawsuit was filed on April 21, 2009 in federal court in the Eastern District of New York, on behalf of NYCHA residents with mobility impairments. This case alleged that NYCHA fails to maintain its elevators in reasonable operating condition, in violation of the Americans with Disabilities Act and other state, federal and local laws protecting the rights of people with mobility impairments. The lawyers representing the plaintiff class and NYCHA are now proposing to settle the case.

***Why has a settlement been proposed?*** The lawyers for both Plaintiffs and NYCHA believe that the proposed Settlement Agreement is fair and in the best interest of all class members. In particular, the lawyers for Plaintiffs believe that the obligations that NYCHA has agreed to as part of the settlement will significantly relieve problems with NYCHA elevators, and that reaching this agreement now is better than continuing the court case, which takes time and is always risky.

***Am I a part of the Class?*** On September 24, 2009, the court certified a class of plaintiffs in this case. You are a member of the class if (1) you are a NYCHA tenant, and (2) you use a wheelchair, walker, or other assistive device for mobility, or you have a health condition such as asthma or a heart problem that substantially limits your ability to walk up and down stairs.

***Do I have to do anything?*** __YOU ARE NOT REQUIRED TO TAKE ANY ACTION IN ORDER TO TAKE ADVANTAGE OF THE SETTLEMENT.__

***What are my rights?*** You have a right to know the terms of the proposed settlement. You have a right to comment to the Court about the proposed settlement, and to tell the Court that you object to the proposed settlement if you think it is not fair.

*What are the terms of the proposed settlement?* The following is an overview of certain key provisions of the proposed settlement:

**A. Elevator Repairs**

I. NYCHA will prioritize its responses to elevator outages among multiple buildings with no elevator service, taking into account several factors, including the presence of people with mobility impairments. NYCHA will send elevator repair staff first to buildings which have no elevator service at all because of nonworking elevators ("no service buildings"). If multiple buildings are without service, NYCHA will send elevator repair staff first to "no service buildings" that are (a) high rise buildings; (b) senior buildings; (c) buildings with persons with mobility impairments waiting in the lobby; or (d) buildings where the outage was reported by a person with a mobility impairment.

II. Except in circumstances beyond NYCHA's control, within six months of the Effective Date of the settlement, NYCHA will restore elevator service in any given three-month period (measured by a Three-Month Average) in
   a. 95% of no-service situations within 24 hours of learning there is no service in the building;
   b. 90% of all elevator outages within 24 hours of learning of the outage;
   c. 75% of no-service situations within 8 hours; and
   d. 70% of all elevator outages within 8 hours.

III. NYCHA will maintain its elevators in good working condition and make all necessary repairs so that the average number of elevator outages across all NYCHA developments is not more than one outage per car per month due to equipment failure.

IV. If, during a single month, a building is completely without elevator service more than four times, or any elevator is out of service more than 5 times due to equipment failure, NYCHA will develop and begin to implement a written plan of action to improve the elevators involved.

**B. Preventive Maintenance and Inspections**

I. Except in circumstances beyond NYCHA's control, NYCHA will perform preventive maintenance according to a schedule set forth in the Settlement.

II. NYCHA will perform all required inspections and fix all unsatisfactory conditions observed during inspections and tests within the time periods set by the law.

**C. Record Keeping:** NYCHA will keep detailed records of elevator outages, repair times, preventive maintenance, inspections, and violations issued for elevators.

**D. Communications with Tenants**.
   I. NYCHA will communicate with and assist tenants during elevator outages. This includes (a) informing mobility-impaired tenants who contact the Customer Contact Center that the service request has been received and that NYCHA is taking the appropriate action to remedy the outage; (b) informing mobility-impaired tenants that they may request stair climbers; and (c) dispatching personnel to assist tenants as necessary.
   II. NYCHA will post notices on all affected floors of buildings affected by elevator outages.
   III. NYCHA will notify all tenant leaders and residents with mobility impairments of all instances in which NYCHA has confirmed that all service to a building has been or could reasonably be expected to be out for more than four hours.
   IV. NYCHA will notify mobility-impaired residents at least 60 days prior to any planned outage for modernization that will result in no service in a building. During planned outages, NYCHA will provide mobility-impaired tenants temporary or permanent transfers or other accommodations in accordance with its Standard Procedure.

**E. Transfer Policy**
   I. NYCHA will approve transfers of mobility-impaired tenants who live on or above the third floor to first-floor apartments or second floor apartments in elevator buildings, regardless of whether the tenant is currently living in an elevator building.
   II. NYCHA will publicize to mobility-impaired tenants this right to request a transfer.

**F. Monitoring:** NYCHA will provide reports of its compliance with the terms of the Settlement to Plaintiffs' counsel on a regular basis.

**G. Enforcement:** If NYCHA does not meet the goals set forth in the Settlement, Plaintiffs may ask the Court to make NYCHA do so. Plaintiffs' counsel may bring to the attention of NYCHA counsel instances of noncompliance with the terms of the Settlement. NYCHA must promptly investigate any cases brought to its attention. The Settlement will be in effect from a minimum of 2 to a maximum of 4½ years, depending on NYCHA's compliance.

*What happens next?* The Court will hold a **Fairness Hearing** to decide whether the settlement is fair, reasonable, adequate, and in the best interests of Class members. Any Class member may attend the Fairness Hearing and tell the Court what he or she thinks about the proposed Settlement Agreement. After considering any objections, the Court will decide whether to approve the settlement.

*How can I learn more about the proposed settlement?* To see a copy of the whole proposed Settlement Agreement, or to ask any questions, you may write to Plaintiffs' counsel at:

- Brito Counsel, New York Legal Assistance Group, 7 Hanover Square, 18th floor, New York, NY 10004, or
- Brito Counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019.
- You may also call Brito Counsel at the New York Legal Assistance Group at (212) 613-6598.

*Can I make comments or objections to this settlement?* Yes. There are two options. You may do either or both:

*Option 1:* **Attend the Fairness Hearing** held on _____, 2012 at _____ o'clock, in Room _____ of the United States District Court for the Eastern District of New York at 225 Cadman Plaza, Brooklyn, New York 11202.

**DIRECTIONS**: 2/3, 4/5, M/R trains to Borough Hall. A/C and F trains to Jay Street/Metrotech. B25, B26, B37, B38, B41, B45, B51, B54, B61, B65, B67, B75 to Borough Hall.

**NOTE**: You will need to go through courthouse security screening and give any cell phone or other electronic device to the court officers for safekeeping while you are in the courthouse. Do not bring a laptop computer with you. Visitors cannot bring laptops into the courthouse.

*Option 2:* **Submit written comments at least 10 days before the date of the Fairness Hearing** to attorneys for the Class, who will forward your comments to the Defendant and the Court. You can send written comments to the attorneys at the following addresses:

| | |
|---|---|
| Brito Counsel | Brito Counsel |
| New York Legal Assistance Group | Paul, Weiss, Rifkind, Wharton & |
| 7 Hanover Square, 18th floor | Garrison LLP |
| New York, NY 10004 | 1285 Avenue of the Americas |
| | New York, NY 10019 |

**YOU DO NOT NEED TO ATTEND THE HEARING OR SUBMIT COMMENTS IN ORDER TO BENEFIT FROM THE SETTLEMENT. YOU ARE NOT REQUIRED TO TAKE ANY ACTION.**

Case 1:09-cv-01621-RRM-RML   Document 50-1   Filed 06/08/12   Page 5 of 5 PageID #: 273